## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MORRYDE INTERNATIONAL, INC., ) <br>          Plaintiff, ) <br> v. ) <br> STROMBERG-CARLSON ) <br> PRODUCTS, INC., ) <br>          Defendant. ) | Civil Action No. 24-cv-1345 <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MORryde International, Inc. ("MORryde"), by and through its attorneys, files its Complaint for Patent Infringement against Defendant Stromberg-Carlson Products, Inc. ("Stromberg"), alleging as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, title 35 United States Code. MORryde seeks remedies for Stromberg's infringement of MORryde's U.S. Patent No. 12,030,416 ("the '416 Patent").

### PARTIES

2. MORryde is a company organized and existing under the laws of Indiana with its principal place of business at 1966 Sterling Ave., Elkhart, IN 46515.

3. On information and belief, Stromberg is a company organized and existing under the laws of Michigan and has its principal place of business at 2323 Traversefield Dr., Traverse City, MI 49686.

## JURISDICTION AND VENUE

4. This action for patent infringement arises under Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Stromberg because it is incorporated and has its principal place of business in this judicial district. On information and belief, Stromberg has a registered agent for service of process located at 2323 Traversefield Dr., Traverse City, MI 49686.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Stromberg resides in this judicial district and because Stromberg has committed acts of infringement and has a regular and established place of business in this judicial district.

## THE PATENT-IN-SUIT

7. The '416 Patent, entitled "Retractable Handle For Recreational Vehicles," was duly and legally issued by the United States Patent and Trademark Office on July 9, 2024. A true and correct copy of the '416 Patent is attached as Exhibit 1.

8. MORryde is the assignee of the '416 Patent and owns all right, title, and interest in the '416 Patent, including the sole, exclusive, and undivided right to sue for infringement and collect damages for past, present, and future infringement of the '416 Patent.

9. The '416 Patent is valid and enforceable. Stromberg has no license or authority under the '416 Patent.

10. In general, the '416 Patent relates to a handle for a recreational vehicle with a support arm where the handle can be pivoted from a storage position extending along the recreational vehicle to a use position extending outwardly from the recreational vehicle as the support arm slides from one end of the handle to the other.

11.     With respect to the '416 Patent, MORryde has complied with the marking provisions of 35 U.S.C. § 287(a).

## ACTS GIVING RISE TO THIS ACTION

12.     On August 13, 2024, MORryde met with Robert Brammer of Stromberg to discuss the '416 Patent.  On information and belief, Stromberg was aware of the '416 Patent prior to this meeting.

13.     On information and belief, at least as of September 2024, Stromberg began offering for sale the Stromberg Carlson Lend-A-Hand Banister RV Handrail ("Stromberg Product"). Stromberg currently makes, uses, offers for sale and/or sells in the United States, including in this judicial district, the Stromberg Product.

14.     The Stromberg Product directly competes with MORryde's Safe-T-Rail product. On information and belief, MORryde has lost sales of its Safe-T-Rail product to the Stromberg Product.

15.     The Stromberg Product is a handle for a recreational vehicle having a handrail with a proximal end and opposite distal end and a first pivot connection to pivotably couple the proximal end of the handrail to the recreational vehicle; and a support arm, which is a unitary structure, having a first end and an opposite second end slidingly couple relative to the handrail and a second pivot connection to pivotably couple the first end of the support arm to the recreational vehicle such that the handrail is configured to be pivoted from a storage position extending along the recreational vehicle to a use position extending outwardly from the recreational vehicle causing the second end of the support arm to slide towards the distal end of the handrail and where the second end of the support arm is adjacent to the proximal end of the handrail in the storage position and adjacent to the distal end of the handrail in the use position:



16. The second pivot connection of the Stromberg Product, which has a greater width than the first pivot connection, has a mount having tabs spaced laterally outwardly relative to a width of the handrail and disposed on either side of the first end of the support arm and a lateral member laterally offset relative to the support arm spanning the distance between the tabs and secured to the first end of the support arm to rotate therewith and where at least one of the tabs of the mount is spaced laterally from the first end of the support arm such that the lateral member spans a distance between the at least one tab and the first end of the support arm to extend a width of the second pivot connection relative to the width of the support arm to provide lateral bracing to the support arm, such that the handrail is configured to be pivoted from a storage position extending along the recreational vehicle a use position extending outwardly from the recreational vehicle causing the second end of the support arm to slide towards the distal end of the handrail:



17.     The Stromberg Product has a sliding member coupled to the handrail to slide when the handrail is pivoted between the storage and use position and where the support arm is pivotably coupled to the sliding member:





18. The Stromberg Product has a handrail that comprises a tubular body defining a downward opening through which the support arm extends and an inner channel that includes opposing sidewall coupled together with a track and pin configuration with the sliding member where the track and pin configuration includes opposing tracks defined by ribs that extend inwardly from an interior surface of each sidewall of the handrail and lips that extend under the sliding member to retain the sliding member within the interior channel and where the interior edges of the lower lips define the downward opening:



19. The Stromberg Product has pins coupled to and extending outward from opposite sides of the sliding member so that the pins are received within the tracks to slide along therein and guide the movement of the sliding member relative to the handrail and where there is a lock pin (not shown) to further restrict movement of the sliding member relative to the handrail to hold the handrail in the use position:



20. On October 31, 2024, MORryde informed Stromberg of its belief that the Stromberg Product infringes the '416 Patent and provided Stromberg a claim chart showing how the Stromberg Product was infringing at least claims 1 and 10 of the '416 Patent. A true and correct copy of the claim chart provided to Stromberg is attached as Exhibit 2.

21. Over the next several weeks, MORryde and Stromberg continued to discuss the '416 Patent and MORryde's allegations of infringement by the Stromberg Product, but Stromberg continued to make, use, offer for sale, and sell the Stromberg Product.

22. Stromberg has provided to its customers of Stromberg Product and/or third parties in the United States videos, *see, e.g.,* https://youtu.be/hpFyZZ7bwQ4 (last visited December 20, 2024), manuals and instructions, *see, e.g.,* https://www.strombergcarlson.com/wp-content/uploads/2024/07/INS-AR4250-C_07-16-24.pdf (last visited December 20, 2024), and/or similar information or materials, *see, e.g.,* https://www.strombergcarlson.com/product/lend-a-hand-banister-rail/ (last visited December 20, 2024) illustrating how to install and use the Stromberg Product.

23. On information and belief, Stromberg's customers and/or third parties have used, offered for sale, and/or sold the Stromberg Product in the United States. On information and belief, Stromberg is aware of this use, offers for sale, and/or sales.

24. The filing of this Complaint is notice to Stromberg of the '416 Patent, the allegations of infringement of the '416 Patent by Stromberg, including the allegations that Stromberg's actions have induced its customers and/or third parties to infringe the '416 Patent.

25. On information and belief, despite notice of infringement, Stromberg's infringement of the '416 Patent continues.

## COUNT I FOR INFRINGEMENT OF PATENT NO. 12,030,416

26. MORryde hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1 through 25.

27. Stromberg has infringed and continues to infringe, either literally or under the doctrine of equivalents, by making, using, offering for sale, and selling within the United States, including in this judicial district, products, such as the Stromberg Product, that are covered by one or more claims of the '416 Patent in violation of 35 U.S.C. § 271(a).

28. Claim 1 of the '416 Patent recites a handle for a recreational vehicle, the handle comprising:

a handrail having a proximal end and an opposite distal end;

a support arm having a first end and an opposite second end slidingly coupled relative to the handrail;

a first pivot connection to pivotably couple the proximal end of the handrail to structure of a recreational vehicle; and

a second pivot connection to pivotably couple the first end of the support arm to structure of a recreational vehicle, the second pivot connection comprising a mount having tabs disposed on either side of the first end of the support arm and a lateral member spanning between the tabs and secured to the first end of the support arm to rotate therewith, at least one of the tabs of the mount spaced laterally from the first end of the support arm such that the lateral member spans a distance between the at least one of the tabs and the first end of the support arm to extend a width of the second pivot connection relative to a width of the support arm to provide lateral bracing to the support arm, such that the handrail is configured to be pivoted from a storage position extending along the recreational vehicle and a use position extending outwardly from the recreational vehicle causing the second end of the support arm to slide towards the distal end of the handrail.

29. On information and belief, Stromberg has and continues to make, use, offer for sale, and sell in the United States the Stromberg Product as described in paragraphs 13-23 and such activity infringes claim 1 of the '416 Patent, either literally or under the doctrine of equivalents.

30. Claim 2 of the '416 Patent recites the handle of claim 1 "wherein the second end of the support arm is adjacent to the proximal end of the handrail in the storage position and adjacent to the distal end of the handrail in the use position. wherein the second location is on a side opposite from the first location."

31. On information and belief, Stromberg has and continues to make, use, offer for sale, and sell in the United States the Stromberg Product as described in paragraphs 13-23 and such activity infringes claim 2 of the '416 Patent, either literally or under the doctrine of equivalents.

9

32. Claim 3 of the '416 Patent recites the handle of claim 1 "further comprising a sliding member coupled to the handrail to slide therealong when the handrail is pivoted between the storage and use positions; wherein the support arm is pivotably coupled to the sliding member."

33. On information and belief, Stromberg has and continues to make, use, offer for sale, and sell in the United States the Stromberg Product as described in paragraphs 13-23 and such activity infringes claim 3 of the '416 Patent, either literally or under the doctrine of equivalents.

34. Claim 5 of the '416 Patent recites the handle of claim 3 "further comprising a lock pin configured to restrict movement of the sliding member relative to the handrail to hold the handrail in the use position."

35. On information and belief, Stromberg has and continues to make, use, offer for sale, and sell in the United States the Stromberg Product as described in paragraphs 13-23 and such activity infringes claim 5 of the '416 Patent, either literally or under the doctrine of equivalents.

36. Claim 8 of the '416 Patent recites the handle of claim 3 "wherein the handrail comprises a tubular body defining an inner channel configured to receive sliding member therein, the tubular body defining a downward opening through which the support arm extends."

37. On information and belief, Stromberg has and continues to make, use, offer for sale, and sell in the United States the Stromberg Product as described in paragraphs 13-23 and such activity infringes claim 8 of the '416 Patent, either literally or under the doctrine of equivalents.

38. Claim 9 of the '416 Patent recites the handle of claim 3 "wherein the tubular body further includes lips that extend under sliding member to retain the sliding member within the inner channel, interior edges of the lower lips defining the downward opening."

39. On information and belief, Stromberg has and continues to make, use, offer for sale, and sell in the United States the Stromberg Product as described in paragraphs 13-23 and such activity infringes claim 9 of the '416 Patent, either literally or under the doctrine of equivalents.

40. Claim 10 of the '416 Patent recites a handle for a recreational vehicle, the handle comprising:

> a handrail having a proximal end configured to be pivotably coupled relative to structure of a recreational vehicle and an opposite distal end;
>
> a support arm having a first end configured to be pivotably coupled relative to structure of a recreational vehicle and an opposite second end slidingly coupled relative to the handrail, such that the handrail is configured to be pivoted from a storage position extending along the recreational vehicle and a use position extending outwardly from the recreational vehicle causing the second end of the support arm to slide towards the distal end of the handrail; and
>
> a sliding member coupled to the handrail to slide therealong when the handrail is pivoted between the storage and use positions; wherein the support arm is pivotably coupled to the sliding member;
>
> wherein the handrail includes opposing sidewalls; and the handrail and sliding member are coupled together with a track and pin configuration, the track and pin configuration comprising opposing tracks defined by ribs extending inwardly from an interior surface of each of the sidewalls of the handrail and pins coupled to and extending outwardly from opposite sides of the sliding member, the pins received within the tracks to slide along therein and guide movement of the sliding member relative to the handrail.

41. On information and belief, Stromberg has and continues to make, use, offer for sale, and sell in the United States the Stromberg Product as described in paragraphs 13-23 and such activity infringes claim 10 of the '416 Patent, either literally or under the doctrine of equivalents.

42. Claim 14 recites the handle of claim 1 "wherein the support arm has a unitary structure."

43. On information and belief, Stromberg has and continues to make, use, offer for sale, and sell in the United States the Stromberg Product as described in paragraphs 13-23 and such activity infringes claim 14 of the '416 Patent, either literally or under the doctrine of equivalents.

11

44. Claim 18 recites the handle of claim 1 "wherein the second pivot connection has a greater width than the first pivot connection."

45. On information and belief, Stromberg has and continues to make, use, offer for sale, and sell in the United States the Stromberg Product as described in paragraphs 13-23 and such activity infringes claim 18 of the '416 Patent, either literally or under the doctrine of equivalents.

46. Claim 19 recites the handle of claim 1 "wherein both of the tabs are spaced laterally outwardly relative to a width of the handrail."

47. On information and belief, Stromberg has and continues to make, use, offer for sale, and sell in the United States the Stromberg Product as described in paragraphs 13-23 and such activity infringes claim 19 of the '416 Patent, either literally or under the doctrine of equivalents.

48. Claims 20 recites the handle of claim 1 "wherein the lateral member is laterally offset relative to the support arm."

49. On information and belief, Stromberg has and continues to make, use, offer for sale, and sell in the United States the Stromberg Product as described in paragraphs 13-23 and such activity infringes claim 20 of the '416 Patent, either literally or under the doctrine of equivalents.

50. On information and belief, Stromberg has and continues to induce others to infringe in the United States at least one or more claims of the '416 Patent in violation of 35 U.S.C. § 271(b).

51. On information and belief, Stromberg sells the Stromberg Product in the United States to customers and provides customers and/or third parties with materials, such as videos, manuals, instructions, and/or has otherwise demonstrated the use of the Stromberg Product that has and continues to induce its customers and/or third parties to directly infringe one or more

claims of the '416 Patent by using, offering for sale, and/or selling the Stromberg Product that is used as instructed by Stromberg.

52. On information and belief, Stromberg is aware of the infringing use, offers for sale, and/or sales of the '416 Patent of the Stromberg Product by its customers and/or third parties.

53. On information and belief, Stromberg's acts were intentional, and that Stromberg acted with knowledge of the infringement of the '416 Patent by its customers' and/or third parties' use, offers for sale, and/or sales of the Stromberg Product and with specific intent to induce its customers and/or third parties to infringe one or more claims of the '416 Patent and that these customers and/or third parties did in fact use, offer for sale, and/or sell the Stromberg Product as intended by Stromberg infringing at least one or more claims of the '416 Patent.

54. MORryde has suffered and continues to suffer harm as a result of Stromberg's direct and induced infringement of the '416 Patent.

55. Stromberg has and continues to deliberately and willfully infringe one or more claims of the '416 Patent despite its knowledge of the '416 Patent, MORryde allegations of infringement of one or more claims of the '416 Patent by the Stromberg Product, and Stromberg customers' and/or third parties' infringement of one or more claims of the '416 Patent.

56. MORryde has no adequate remedy at law for Stromberg's infringement. As a direct and proximate of Stromberg's infringement, MORryde has suffered and continues to suffer irreparable harm. Unless this Court enjoins Stromberg's infringing acts, MORryde will continue to suffer irreparable harm.

57. MORryde is entitled to remedies, including injunctive relief, in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, MORryde respectfully requests the following relief:

A.    Judgement in favor of MORryde and against Stromberg that Stromberg has infringed and/or induced others to infringe at least one or more claims of the '416 Patent;

B.    Judgement that Stomberg's infringement of the '416 Patent has been willful;

C.    An award of damages adequate to compensate MORryde for Stromberg's infringement of the '416 Patent pursuant to 35 U.S.C. § 284;

D.    An enhanced damages award of up to three times the damages found pursuant to 35 U.S.C. § 284;

E.    An award of pre and post-judgment interest, and the taxation of all allowable costs against Stromberg pursuant to 35 U.S.C. § 284;

F.    An award of all other damages permitted by 35 U.S.C. § 284;

G.    A determination that this is an exceptional case and award MORryde its costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. § 285;

H.    An order preliminary and permanently enjoining Stromberg, its officers, directors, agents, servants, representatives, employees, parents, subsidiaries, successors, assigns, and all person acting in concert with Stromberg from further acts of infringement and induced infringement of the '416 Patent; and

I.    Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), MORryde demands a trial by jury on all claims and issues on which a jury trial is available under applicable law.

Dated:  December 26, 2024

Respectfully submitted,

By: */s/ Joseph Saltiel*
Joseph Saltiel
**IRWIN IP LLP**
150 N. Wacker Dr., Suite 700
Chicago, IL 60606
(312) 667-6080 (Telephone)
jsaltiel@irwinip.com

*Attorney for Plaintiff MORryde International, Inc.*